**HARRIS v. LONE STAR MOTOR CO. et al.**

**No. 3556.**

Court of Civil Appeals of Texas. El Paso.

May 13, 1937.

Rehearing Denied June 3, 1937.

John T. Hill, of El Paso, for appellant.

J. Walker Morrow, of El Paso, for appellees.

HIGGINS, Justice.

Appellant brought this suit against the appellees, Lone Star Motor Company and Claude Smith, to recover damages for the alleged wrongful conversion of an automobile. In her petition the plaintiff set up that she and Smith had been husband and wife, and prior to their divorce Smith had given the automobile to her.

By special answer, the Lone Star Motor Company set up it had previously sold the automobile to Smith, and a chattel mortgage executed in its favor by Smith to secure the payment of unpaid purchase money. It set up default in the payment of the deferred purchase-money payments; that it had taken possession of the car, and sold the same in satisfaction of the debt under power conferred by the mortgage.

Smith, by special answer, set up he had purchased the car from his codefendant after the foreclosure proceedings referred to in the answer of his codefendant.

In response to special issues, the jury found:

1. Claude Smith gave the automobile to plaintiff prior to July 7, 1932.

2. Upon that date the cash market value of the automobile was $300.

3. Plaintiff did not have possession of the automobile at any time subsequent to July 7, 1932.

4. She was not in control of said automobile at any time subsequent to said date.

Judgment was rendered in favor of the defendants.

The record contains no statement of facts, and in the absence thereof the var-

ious points presented by appellant present no error.

The first assignment is the court erred in rendering judgment contrary to the verdict. In the absence of a statement of facts, it must be assumed the undisputed evidence shows that the special defense pleaded by the defendants was conclusively established, and judgment non obstante properly rendered. It is true, there are no findings by the jury upon the special defenses pleaded by the defendants, but in the absence of a statement of facts, it must be assumed the undisputed evidence established such defenses, and, if so, it was not necessary to submit the same to the jury. It is neither necessary nor proper to submit issues established by undisputed evidence.

In this situation, none of the assignments of error presented by the appellant present any error, and the judgment must be affirmed.

It is so ordered.